JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>            Plaintiff,<br><br>        vs.<br><br>BEST VALUE INN OASIS OF EDEN, an entity of unknown form, BHARAT G. BHAKTA BIPIN, an individual; BIPIN M. BHAKTA, an individual; BHARAT G. BHAKTA and BIPIN M. BHAKTA, a general partnership; and DOES 1 through 10, Inclusive,<br><br>            Defendants. | CASE NO. CV12-1303 MWF (SPx)<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

WHEREAS, Plaintiff American Automobile Association, Inc. ("AAA") sent Defendants Best Value Inn Oasis of Eden and Bharat G. Bhakta and Bipin M. Bhakta, a general partnership, three cease-and-desist letters before filing this lawsuit on February 14, 2012, (Docket No. 1);

WHEREAS, AAA served the Complaint on all Defendants on February 22 and 24, 2012, (Docket Nos. 6-9);

WHEREAS, on March 27, 2012, AAA filed a Request for Entry of Default,

1   which was served on all Defendants on the same day, (Docket No. 11);

2       WHEREAS, the Clerk entered Defendants' default on March 28, 2012, which

3   was served on all Defendants on April 2, 2012, (Docket Nos. 12-13);

4       WHEREAS, Defendants neither have attempted to contact AAA or its

5   counsel, nor have filed an answer or any other responsive pleading with the Court;

6   and,

7       WHEREAS, Defendants did not appear at oral argument on AAA's Motion

8   for Default Judgment on June 18, 2012;

9       The Court, having considered the papers filed in support of AAA's Motion

10  for Default Judgment, hereby ORDERS, ADJUDGES, and DECREES as follows:

11      1.   This Court has jurisdiction over the parties and the subject matter.

12      2.   AAA's service mark registration nos. 829,265 (for the AAA Mark) and

13  2,158,654 (for the AAA Mark & Design) (collectively, the "AAA Marks") are good

14  and valid in law.

15      3.   Defendants have infringed, and are infringing, the famous AAA Marks

16  by using the AAA Marks in conducting and promoting their business, including,

17  without limitation, displaying the AAA marks on their business premises and in

18  their signage.

19      4.   Defendants falsely have designated and represented services sold in

20  commerce in violation of 15 U.S.C. 1125(a) and otherwise have used the good will

21  of AAA to sell Defendants' own services and otherwise have competed unfairly

22  with AAA.

23      5.   Defendants' acts have lessened the capacity of the AAA name and

24  service marks to identify and distinguish services provided by or affiliated with

25  AAA.

26      6.   Defendants, their agents, servants, employees, attorneys, and any and

27  all persons in active concert or participation with any of them, are enjoined

28  permanently from engaging in any of the following acts:

(a)    Using the designation "AAA" or any other name or mark incorporating AAA's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any tourist accommodations and other related services at any locality in the United States;

(b)    Using the designation "AAA" or any other name or mark incorporating AAA's service marks in any form or manner that would tend to identify or associate Defendants' business or services with AAA in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

(c)    Referring to its businesses as "triple A approved" (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

(d)    Representing to anyone (either orally or in writing) that its businesses are affiliated with AAA in any way or is an AAA agent or contractor unless their businesses are approved by AAA to be an AAA agent or contractor;

7.    Defendants, pursuant to 15 U.S.C. § 1118, shall deliver to AAA's attorney within thirty (30) days after issuance of this Judgment, to be impounded or destroyed by AAA, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation "AAA" or any other name or mark incorporating AAA's service marks, either alone or in combination with other words and symbols;

8.    Defendants further are ordered to remove from their business premises within thirty (30) days after issuance of this Judgment, all instances of the "AAA" designation, and to destroy all molds, plates, masters, or means of creating the infringing items;

9.    Defendants further are ordered to remove within thirty (30) days after

1  issuance of this Judgment, any print directory, Internet directory, or website that

2  they have caused to carry the AAA mark, including, without limitation, any

3  reference to the "AAA" designation or other infringing designation, to cease using

4  such names at the earliest possible date;

5        10.    Within thirty (30) days after issuance of this Judgment, Defendants are

6  ordered to file with the Clerk of this Court and serve on AAA, a report in writing,

7  under oath, setting forth in detail the manner and form in which Defendants have

8  complied with the foregoing injunction.

9        11.    The Court finds that Defendants willfully have infringed the AAA

10  Marks and, therefore, deems the case exceptional under 15 U.S.C. section 1117(a).

11  Therefore, AAA shall recover against Defendants AAA's reasonable attorneys' fees

12  in the amount of $7,298.00.

13        12.    AAA shall recover against Defendants its costs in the amount of

14  $703.40.

15        The Clerk shall enter judgment in favor of AAA and against Defendants in

16  the amount of $8,001.40.

17

18  Dated:  July 10, 2012

19  MICHAEL W. FITZGERALD
   United States District Court Judge

20

21

22

23

24

25

26

27

28

JUDGMENT AND PERMANENT INJUNCTION